# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

WORLD KITCHEN, LLC, and WKI
HOLDING COMPANY, INC.,

               Plaintiffs,

    v.

MARKETING RESULTS, LTD.,

               Defendant.

Civil Action No.

Judge:

Magistrate Judge:

**JURY DEMANDED**

## COMPLAINT

Plaintiffs World Kitchen, LLC ("World Kitchen") and WKI Holding Company, Inc.

("WKI") (collectively, "Plaintiffs"), allege as follows:

### NATURE OF THE ACTION

1.      This is an action against Defendant Marketing Results, Ltd. ("Marketing Results")

for [I] federal trademark infringement under 15 U.S.C. § 1114; [II] federal trademark

counterfeiting under 15 U.S.C. § 1114; [III] federal unfair competition under 15 U.S.C. §

1125(a); [IV] infringement of U.S. Patent No. D469,314 under 35 U.S.C. § 271 *et seq.*; [V]

infringement of U.S. Patent No. D469,662 under 35 U.S.C. § 271 *et seq.*; [VI]  violation of the

Illinois Consumer Fraud and Deceptive Business Practices Act under 815 ILCS § 505/1 *et seq.*;

[VII] violation of the Illinois Uniform Deceptive Trade Practices Act under 815 ILCS § 510/1 *et*

*seq.*; and [VIII] common law unfair competition.

### THE PARTIES

2.      WKI is a corporation existing under the laws of Delaware, with a principal place

of business at 5500 North Pearl Street, Suite 400, Rosemont, Illinois 60018.

3.      World Kitchen is a limited liability company existing under the laws of Delaware, with a principal place of business at 5500 North Pearl Street, Suite 400, Rosemont, Illinois 60018.  World Kitchen is a wholly owned subsidiary of WKI.

4.      On information and belief, Marketing Results is a corporation existing under the laws of Ohio, with a principal place of business at 241 Schofield Drive, Whitehall, Ohio 43213.

<u>**JURISDICTION AND VENUE**</u>

5.      Jurisdiction over Counts I-V is expressly conferred on this Court under 28 U.S.C. §§ 1331 and 1338 and/or 15 U.S.C. § 1121.  Jurisdiction over counts VI-VIII is expressly conferred on this Court under 28 U.S.C. §1338, since they are joined with substantial and related claims thereunder and/or 28 U.S.C. §1367, the supplemental jurisdiction of this Court.

6.      Personal jurisdiction over Marketing Results is vested in this Court because Marketing Results has purposefully distributed unauthorized infringing counterfeit products complained of herein to a national retailer, and Marketing Results had a reasonable expectation that such unauthorized infringing counterfeit products would be sold and/or purchased within this State and Judicial District.

7.      Venue is proper within this judicial district under 28 U.S.C. §§ 1391(b) and/or (c), and/or 1400(b).

<u>**BACKGROUND FACTS**</u>

8.      For decades, World Kitchen and its predecessors have designed, manufactured, imported and sold high quality cooking, baking and serving products, including casserole dishes, bowls and other bakeware products.

9.      World Kitchen and its predecessors have sold the FRENCH WHITE® line of CORNINGWARE® bakeware for over 30 years.

10.     World Kitchen has used the FRENCH WHITE® trademark, as well as the registered vertical fluting design configuration mark, (collectively, the "Plaintiffs' Marks") continuously on, and in connection with, the design, manufacture, importation, and sale of high-quality CORNINGWARE® brand cooking, baking and serving products, including casserole dishes, bowls and other bakeware products.

11.     World Kitchen owns valid federal trademark registrations for the FRENCH WHITE® trademark (Reg. Nos. 1,278,082 and 2,984,018) for use in connection with "cooking, baking, serving and storing vessels and covers, and replacement parts therefor, made of glass-ceramic, ceramic, glass, and/or plastic" (Reg. No. 1,278,082) and "dinnerware, namely, plates, cups, mugs, saucers, serving dishes, bowls" (Reg. No. 2,984,018).  Copies of the federal trademark registration certificates for the FRENCH WHITE® mark are attached hereto as Exhibit A and Exhibit B.

12.     World Kitchen's Federal Trademark Registration No. 1,278,082 for FRENCH WHITE® is in full force and effect on the Principal Trademark Register and has become incontestable pursuant to 15 U.S.C. § 1065.  As such, World Kitchen's trademark registration constitutes conclusive evidence of the validity and ownership of the FRENCH WHITE® trademark.

13.     World Kitchen owns a valid federal trademark registration for the design of a bowl with vertical fluting on the sides for use in connection with a "cooking, baking, serving, and storing dish" (Reg. No. 2,992,000) (the "FRENCH WHITE® Fluting Design").  A copy of

the federal trademark registration certificate for the FRENCH WHITE® Fluting Design mark is attached hereto as Exhibit C.

14.     The registration for the FRENCH WHITE® Fluting Design is in full force and effect on the Principal Trademark Register and constitutes *prima facie* evidence of the validity and ownership of the FRENCH WHITE® Fluting Design.

15.     Plaintiffs maintain strict control over the nature and quality of merchandise bearing the Plaintiffs' Marks.

16.     Merchandise designed, manufactured, imported, and/or sold by Plaintiffs and bearing one or more of the Plaintiffs' Marks has been advertised and sold throughout the United States and within the State of Illinois and this District.

17.     As a result of Plaintiffs' excellent reputation, and through extensive advertising, use, sales and strict control of the nature and quality of their merchandise, Plaintiffs' Marks have engendered a public recognition of, and association with, Plaintiffs as the source of authorized products bearing Plaintiffs' Marks.

18.     Based on this wide public recognition and extensive use in the United States, Plaintiffs Marks are famous.

19.     Plaintiffs' trademark registrations are in full force and effect on the Principal Trademark Register and constitute conclusive evidence of the validity and ownership of Plaintiffs' Marks and of Plaintiffs' and/or their licensees' exclusive right to use Plaintiffs' Marks in commerce as provided under 15 U.S.C. §§ 1057 and 1115.

20.     WKI is the owner of all right, title and interest in U.S. Patent No. D469,314, issued on January 28, 2003, entitled "Fluted Container" ("the '314 Patent").  A copy of the '314 Patent is attached as Exhibit D.

21.    The '314 Patent is valid and enforceable under the United States Patent Laws.

22.    WKI is the owner of all right, title and interest in U.S. Patent No. D469,662, issued on February 4, 2003, entitled "Fluted Container" ("the '662 Patent").  A copy of the '662 Patent is attached as Exhibit E.

23.    The '662 Patent is valid and enforceable under the United States Patent Laws.

24.    Marketing Results has promoted, sold and/or offered for sale in United States commerce, products bearing Plaintiffs' Marks without authorization of Plaintiffs or Corning (the "Unauthorized Products").  Pictures of the Unauthorized Products are attached hereto as Exhibit F.

25.    Marketing Results sold at least some of the Unauthorized Products to Big Lots Stores, Inc. and Big Lots, Inc. for sale in Big Lots stores in the United States, including Big Lots stores in Illinois.

26.    Marketing Results sold and offered the Unauthorized Products with full knowledge that the Unauthorized Products were irregular goods not authorized by World Kitchen for importation or sale in the United States.

27.    At least some of the Unauthorized Products are covered by the claim in at least one of either the '662 Patent and/or the '314 Patent (collectively, the WK Patents).

28.    Marketing Results sells, or has sold, the Unauthorized Products in the same channels of trade as the Authorized Products.

29.    Marketing Results has not obtained any legitimate license to distribute or sell the Unauthorized Products.

30.    The Unauthorized Products do not meet the quality standards required by Plaintiffs.

31.     Marketing Results' distribution, offer for sale, and/or sale of the Unauthorized Products was and continues to be without Plaintiffs' permission or authority.

32.     Marketing Results' infringing and unfair activities are detrimental to the goodwill and business reputation symbolized by Plaintiffs' Marks and have resulted, and continue to result, in irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law.

33.     On information or belief, Marketing Results has adopted, promoted, advertised, and/or sold the Unauthorized Products and/or offered the Unauthorized Products for sale with knowledge that the Unauthorized Products are likely to cause confusion, or to cause mistake, or to deceive purchasers to believe that Plaintiffs sponsored, endorsed and/or authorized Marketing Results' sale of the Unauthorized Products.

## COUNT I

### TRADEMARK INFRINGEMENT

34.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1-33.

35.     Upon information and belief, notwithstanding Plaintiffs' well-known and prior rights in the FRENCH WHITE® and the FRENCH WHITE® Fluting Design trademarks, Marketing Results offers for sale and sells the Unauthorized Products bearing the FRENCH WHITE® and/or the FRENCH WHITE® Fluting Design trademarks to consumers in interstate commerce.

36.     Marketing Results' sale of the Unauthorized Products bearing the FRENCH WHITE® and/or the FRENCH WHITE® Fluting Design trademarks is likely to cause confusion, mistake and deception among purchasers as to the origin of Marketing Results' Unauthorized Products, and is likely to deceive the public into believing that the Unauthorized Products sold

by Marketing Results originate from, are associated with, and/or are otherwise authorized by Plaintiffs, all to the damage of Plaintiffs' reputation, goodwill and sales.

37.     As a result of Marketing Results' actions, Plaintiffs has suffered serious and irreparable injury and, unless restrained by this Court, Plaintiffs are likely to suffer further irreparable injury by Marketing Results' continued infringement for which Plaintiffs have no adequate remedy at law.

38.     Upon information and belief, Marketing Results' acts alleged herein were committed willfully, wantonly and with knowledge that such unauthorized use of the FRENCH WHITE® and/or the FRENCH WHITE® Fluting Design trademarks would cause confusion, mistake, or deceive purchasers to believe that Plaintiffs sponsored, endorsed, or authorized the sale of the Unauthorized Products by Marketing Results.  Marketing Results' actions constitute willful trademark infringement, in violation of Plaintiffs' rights under Section 32 of the Lanham Act, 15 U.S.C. §1051 *et seq.*, and in particular, 15 U.S.C. §1114.  Thus, a finding of an exceptional case is warranted under 15 U.S.C. § 1117(a).

## COUNT II

### FEDERAL TRADEMARK COUNTERFEITING

39.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1-38.

40.     As a complete and second ground for relief, Plaintiffs hereby charge Marketing Results with trademark counterfeiting under the laws of the United States, as provided under 15 U.S.C. § 1114.

41.     Plaintiffs own federal valid registrations for the FRENCH WHITE® and the FRENCH WHITE® Fluting Design trademarks.

42.     The Unauthorized Products sold by Marketing Results contain marks identical to Plaintiffs' FRENCH WHITE® and/or the FRENCH WHITE® Fluting Design trademarks.

43.     On information and belief, Marketing Results' actions were performed with willfulness and the intent to wrongfully exploit Plaintiffs' rights in the FRENCH WHITE® and/or the FRENCH WHITE® Fluting Design trademarks.

44.     Marketing Results' conduct, as described herein, is likely to cause confusion, mistake and deception, and Marketing Results thereby infringes the FRENCH WHITE® and/or the FRENCH WHITE® Fluting Design trademarks in violation of 15 U.S.C. § 1114.  Marketing Results' conduct constitutes trademark counterfeiting in violation of the Lanham Act.

45.     Upon information and belief, Marketing Results has obtained profits and unjust enrichment from the sale of its Unauthorized Products, and such conduct has been willful and deliberate.

46.     As a result of Marketing Results' actions, Plaintiffs has suffered serious and irreparable injury and, unless restrained by this Court, Plaintiffs are likely to suffer further irreparable injury by Marketing Results' continued infringement for which Plaintiffs have no adequate remedy at law.

## COUNT III

### FEDERAL UNFAIR COMPETITION

47.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1-46.

48.     Marketing Results has, without authorization, adopted, advertised, sold and/or offered for sale, in United States commerce, the Unauthorized Products bearing Plaintiffs' Marks.  The Unauthorized Products are confusingly similar to Plaintiffs' Authorized Products.

49.     Marketing Results' unauthorized offer for sale and/or sale of the Unauthorized Products creates the express and implied misrepresentation that the Unauthorized Products were created, authorized or otherwise approved by Plaintiffs.

50.     The acts of Marketing Results complained of herein are likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others in violation of 15 U.S.C. § 1114.

51.     Marketing Results' infringement is detrimental to the goodwill and business reputation symbolized by Plaintiffs' Marks.

52.     As a result of Marketing Results' actions, Plaintiffs will suffer serious and irreparable injury and, unless restrained by this Court, Plaintiffs are likely to suffer further irreparable injury by Marketing Results' continued infringement for which Plaintiffs have no adequate remedy at law.

53.     Upon information and belief, Marketing Results' acts as alleged herein were committed willfully and with knowledge that such unauthorized use of Plaintiffs' Marks would cause confusion, mistake, or deceive purchasers to believe that Plaintiffs sponsored, endorsed, or authorized the Unauthorized Products, or that the Unauthorized Products are associated with Plaintiffs or their products.  Thus, a finding of an exceptional case is warranted under 15 U.S.C. § 1117(a).

## COUNT IV

### PATENT INFRINGEMENT - U.S. PATENT NO. D469,314

54.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1-53.

55.     As a complete and fourth ground for relief, Plaintiffs hereby charge Marketing Results with infringement of the '314 Patent under 35 U.S.C. § 271 *et seq.*

56.     WKI is the owner by assignment of the '314 Patent, which was duly and lawfully issued by the United States Patent and Trademark Office on January 28, 2003, entitled "Fluted Container."  A true and correct copy of the '314 Patent is attached as <u>Exhibit D</u> and made a part hereof.

57.     Plaintiffs have complied with the statutory notice provisions of 35 U.S.C. § 287 for the '314 Patent.

58.     Marketing Results has at no time been licensed under the '314 Patent.

59.     Marketing Results has infringed the '314 Patent, in violation of 35 U.S.C. § 271 *et seq.*, directly and/or indirectly, by selling, offering to sell in the United States, and/or importing into the United States products covered by the claim of the '314 Patent, without Plaintiffs' authorization.

60.     Plaintiffs have been injured and damaged by Marketing Results' infringement of the '314 Patent.  Marketing Results' infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

61.     Plaintiffs have suffered monetary damages due to the wrongful acts of patent infringement by the Marketing Results, including without limitation sales unfairly lost and/or diverted to them, all to the detriment of Plaintiffs.

62.     On information and belief, Marketing Results' infringement of the '314 Patent has been willful, deliberate and intentional.  This is an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT V

### PATENT INFRINGEMENT - U.S. PATENT NO. D469,662

63.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1-62.

64.     As a complete and fourth ground for relief, Plaintiffs hereby charge Marketing Results with infringement of the '662 Patent under 35 U.S.C. § 271 *et seq.*

65.     WKI is the owner by assignment of the '662 Patent, which was duly and lawfully issued by the United States Patent and Trademark Office on February 4, 2003, entitled "Fluted Container."  A true and correct copy of the '662 Patent is attached as Exhibit E and made a part hereof.

66.     Plaintiffs have complied with the statutory notice provisions of 35 U.S.C. § 287 for the '662 Patent.

67.     Marketing Results has at no time been licensed under the '662 Patent.

68.     Marketing Results has infringed the '662 Patent, in violation of 35 U.S.C. § 271 *et seq.*, directly and/or indirectly, by selling, offering to sell in the United States, and/or importing into the United States products covered by the claim of the '662 Patent, without Plaintiffs' authorization.

69.     Plaintiffs have been injured and damaged by Marketing Results' infringement of the '662 Patent.  Marketing Results' infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

70.     Plaintiffs have suffered monetary damages due to the wrongful acts of patent infringement by the Marketing Results, including without limitation sales unfairly lost and/or diverted to them, all to the detriment of Plaintiffs.

71.     On information and belief, Marketing Results' infringement of the '662 Patent has been willful, deliberate and intentional.  This is an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT VI

### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT VIOLATIONS

72.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1-71.

73.     Marketing Results' unauthorized use of Plaintiffs' Marks in connection with the Unauthorized Products constitutes an unfair method of competition and an unfair or deceptive act or practice, including, but not limited to, the use or employment of deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of material facts to the purchasing public, including the source of Marketing Results' goods and the source, sponsorship, approval, and/or affiliation of Plaintiffs with Marketing Results' goods, with the intent that the purchasing public rely on such unfair methods of competition and unfair or deceptive acts or practices.

74.     On information and belief, Marketing Results' actions were performed with willfulness and the intent to wrongfully exploit Plaintiffs' rights in Plaintiffs' Marks.

75.     As a result of Marketing Results' acts, Plaintiffs have suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

76.     Marketing Results' actions constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.*

## COUNT VII

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

77.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1-76.

78.     Marketing Results has harmed Plaintiffs by injuring their business reputation and by passing off Unauthorized Products bearing Plaintiffs' Marks as a substitute for Authorized Products offered by Plaintiffs.

79.     Marketing Results' conduct is likely to deceive the public into believing that the Unauthorized Products originate from or are otherwise authorized for sale by Plaintiffs.

80.     Marketing Results' conduct constitutes deceptive trade practices, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.*

81.     As a result of Marketing Results' acts, Plaintiffs have suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

82.     As a result of Marketing Results' actions, Plaintiffs will suffer serious and irreparable injury and, unless restrained by this Court, Plaintiffs are likely to suffer further irreparable injury by Marketing Results' continued infringement for which Plaintiffs have no adequate remedy at law.

## COUNT VIII

### COMMON LAW UNFAIR COMPETITION

83.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1-82.

84.     Marketing Results has injured Plaintiffs by using Plaintiffs' Marks in connection with the Unauthorized Products and causing a likelihood of confusion or misunderstanding among the relevant public as to the source or authorization to sell the Unauthorized Products.

85.     Marketing Results has harmed Plaintiffs by injuring their business reputation and by passing off Unauthorized Products as a substitute for products authorized for sale by Plaintiffs.

86.     Marketing Results' conduct is likely to deceive the public into believing that its Unauthorized Products originate from or are otherwise authorized or sponsored by Plaintiffs.

87.     Marketing Results' conduct constitutes unfair competition under the common law of the State of Illinois.

88.     As a result of Marketing Results' acts, Plaintiffs have suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

89.     As a result of Marketing Results' actions, Plaintiffs will suffer serious and irreparable injury and, unless restrained by this Court, Plaintiffs are likely to suffer further irreparable injury by Marketing Results' continued infringement for which Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

1.      Judgment that Marketing Results has infringed Plaintiffs' Marks and that
Marketing Results has damaged Plaintiffs' goodwill in Plaintiffs' Marks by the acts complained
of herein, in violation of 15 U.S.C. §§ 1114 and 1125.

2.      Judgment that Marketing Results has infringed the '314 Patent by selling, offering
for sale and/or importing into the United States products that are covered by the claim of the
'314 Patent.

3.      Judgment that Marketing Results has infringed the '662 Patent by selling, offering
for sale and/or importing into the United States products that are covered by the claim of the
'662 Patent.

4.      Judgment that Marketing Results has competed unfairly with Plaintiffs by selling
and offering for sale a product with Plaintiffs' Marks, without authorization, in violation of 15
U.S.C. § 1125.

5.      Judgment that Marketing Results, its officers, agents, servants, employees,
attorneys and all persons in active concert and/or participation with it who receive notice be
immediately and permanently enjoined and restrained from:

> (i)      imitating, copying, duplicating, or otherwise making any infringing use of
> Plaintiffs' Marks in connection with the manufacturing, distribution, or
> sale of the Unauthorized Products;

> (ii)     manufacturing, selling, attempting to sell, purchasing, promoting, storing,
> shipping, receiving, maintaining in their possession or otherwise

exploiting in commerce the accused products or any other product that infringes the WK Patents;

(iii)    manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material bearing any copy or colorable imitation of the Unauthorized Products;

(iv)    using any false designation of origin or false description which can or is likely to lead the public, or individual members thereof, to mistakenly believe that any good or service advertised, promoted, offered, or sold by Marketing Results is sponsored, endorsed, approved, or authorized by or connected with Plaintiffs, without Plaintiffs' express authorization;

(v)    causing likelihood of confusion or injury to Plaintiffs' business reputation and to the goodwill associated with Plaintiffs' Marks through unauthorized use of the same or a confusingly similar equivalent in connection with the manufacturing, distribution, or sale of its products;

(vi)    engaging in any other activity constituting unfair competition or infringement of the Plaintiffs' Marks or designs protected by the Design Mark Registration and the WK Patents, or Plaintiffs' rights in, to use, or to exploit the same; and

(vii)    assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

6.    An order awarding Plaintiffs monetary relief in an amount to be fixed by the Court in its discretion as just, including all damages sustained by Plaintiffs, a reasonable royalty,

-16-

and/or all of Marketing Results' profits or gains of any kind resulting from its willful infringement, said amount to be trebled in view of the intentional nature of the acts complained of herein pursuant to 15 U.S.C. § 1117 and/or 35 U.S.C. §§ 284, 285 and 289.

7.      An order awarding Plaintiffs statutory damages for each counterfeit mark used for each type of good sold, offered for sale, or distributed pursuant to 15 U.S.C. § 1117(c).

8.      An order, pursuant to 15 U.S.C. §1118, requiring Marketing Results and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Marketing Results who receive actual notice of said order, to deliver up all promotional, advertising, and any other printed materials of any kind wrongfully bearing Plaintiffs' Marks and/or pictures of the Unauthorized Products.

9.      An order for corrective advertising in a form, manner and frequency that is reasonably acceptable to Plaintiffs.

10.      An order requiring Marketing Results, and all those acting in concert with Marketing Results, to destroy all of the Unauthorized Products.

11.      An order, pursuant to 15 U.S.C. § 1117 and/or 35 U.S.C. § 285,  awarding to Plaintiffs its attorneys' fees, due to the exceptional nature of this case, and all of Plaintiffs' costs and expenses of litigation.

12.      An order awarding to Plaintiffs such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

Dated: April 21, 2010                          Respectfully submitted,

                                               WORLD KITCHEN, LLC and
                                               WKI HOLDING COMPANY, INC.


                                               By: s/Brent A. Hawkins                _
                                                   Brent A. Hawkins
                                                   Jennifer M. Mikulina
                                                   Michelle C. Burke
                                                   McDermott Will & Emery, LLP
                                                   227 West Monroe Street
                                                   Chicago, Illinois  60606-5096

                                                   *Attorneys for Plaintiffs World Kitchen,
                                                   LLC and WKI Holding Company, Inc.*

CHI99 5238905-1.055606.0383